Cory D. Catignani, State Bar No. 332551
VORYS, SATER, SEYMOUR AND PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Telephone: (949) 526-7904
Facsimile: (949) 526-7901
E-Mail: cdcatignani@vorys.com

Attorney for Defendant
GREIF PACKAGING, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL GOMEZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GREIF PACKAGING LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-02431-DSF-JEM<br><br>**DEFENDANT GREIF PACKAGING, LLC'S ANSWER**<br><br>Action Filed: December 8, 2020 |

For its Answer to Plaintiff's Class Action Complaint ("Complaint") filed by Plaintiff Manuel Gomez ("Plaintiff"), on behalf of himself and others similarly situated, Defendant Greif Packaging, LLC ("Greif"), by and through its undersigned counsel, hereby presents the following admissions, denials, other averments, and defenses:

**INTRODUCTION**

1. In response to Paragraph 1 of the Complaint, Greif admits only that Plaintiff purports to bring a class action under California state law, but denies that it has violated the FLSA or California law as alleged in the Complaint and denies that Plaintiff has any basis for bringing this action. Greif denies any remaining allegations in Paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, Greif admits only that Plaintiff, through the Complaint, seeks recovery from Greif for purported violations

1

of California and federal law, but denies that it has violated California or federal law and denies any recovery would be appropriate here. Greif denies any remaining allegations in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Greif admits only that Plaintiff seeks monetary damages, but denies that it has taken any actions that would make the recovery of any damages appropriate. Greif denies any remaining allegations in Paragraph 3 of the Complaint.

4. Greif denies the allegations in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Greif admits only that Plaintiff purports to bring this as a class action and purports to define the class and sub-classes as set forth in Paragraph 5 of the Complaint. Greif denies, however, that Plaintiff has any basis for doing so. Greif denies any remaining allegations in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Greif admits only that it compensates the non-exempt employees discussed in Paragraph 5 based on an hourly rate of pay. Greif denies any remaining allegations in Paragraph 6.

7. Greif denies the allegations in Paragraph 7 of the Complaint, including all subparts to Paragraph 7.

## PARTIES

8. In response to Paragraph 8 of the Complaint, Greif admits, upon information and belief, that Plaintiff is over age 18 and was a resident of the State of California during all times mentioned in the Complaint.

9. Greif admits only that it employed Plaintiff. Greif denies any remaining allegations in Paragraph 9 of the Complaint.

## PARTIES

10. Greif admits the allegations in Paragraph 10 of the Complaint.

11. Greif is without knowledge or information sufficient to form a belief as

to the truth of the allegations regarding Plaintiff's knowledge of "DOES 1 to 50" contained in Paragraph 11 of the Complaint, and therefore denies the same. Greif denies any remaining allegations in Paragraph 11 of the Complaint.

12. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge of "DOES 1 to 50" contained in Paragraph 12 of the Complaint, and therefore denies the same. Greif denies any remaining allegations in Paragraph 12 of the Complaint.

13. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. Greif denies the allegations in Paragraph 14 of the Complaint.

15. Greif denies the allegations in Paragraph 15 of the Complaint.

16. Greif denies the allegations in Paragraph 16 of the Complaint.

17. Greif denies the allegations in Paragraph 17 of the Complaint.

18. Greif denies the allegations in Paragraph 18 of the Complaint.

19. Greif denies the allegations in Paragraph 19 of the Complaint.

20. Greif denies the allegations in Paragraph 20 of the Complaint.

21. Greif denies the allegations in Paragraph 21 of the Complaint.

22. Greif denies the allegations in Paragraph 22 of the Complaint.

23. Greif denies the allegations in Paragraph 23 of the Complaint.

24. Greif denies the allegations in Paragraph 24 of the Complaint.

25. Greif denies the allegations in Paragraph 25 of the Complaint.

26. Greif denies the allegations in Paragraph 26 of the Complaint.

27. Greif denies the allegations in Paragraph 27 of the Complaint.

## JURISDICTION AND VENUE

28. In response to Paragraph 28 of the Complaint, Greif admits only that the California Superior Court had jurisdiction over the Complaint on the basis of the

claims asserted therein, but denies that Greif committed any violations of California or federal law. Greif further avers that it properly removed the Complaint to the United States District Court for the Central District of California. Greif denies any remaining allegations in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Greif admits only that the California Superior Court had jurisdiction over the Complaint on the basis of the claims asserted therein, but denies that Greif committed any violations of California or federal law. Greif further avers that it properly removed the Complaint to the United States District Court for the Central District of California. Greif denies any remaining allegations in Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Greif admits only that both the California Superior Court and the United States District Court for the Central District of California have jurisdiction over Greif. Greif denies any remaining allegations in Paragraph 30 of the Complaint.

31. Greif denies the allegations contained in Paragraph 31 of the Complaint. Greif further avers that venue in the United States District Court for the Central District of California is proper under 28 U.S.C. § 1441(a).

## CLASS ACTION ALLEGATIONS

33. In response to Paragraph 33 of the Complaint,[1] Greif admits only that the Complaint accurately quotes California law, but denies any remaining allegations in Paragraph 33 and any implication that Plaintiff has validly asserted a violation of California or federal law. Greif denies any remaining allegations in Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint, Greif admits only that Plaintiff purports to bring an action on behalf of himself and other similarly situated individuals, but denies that Plaintiff has any basis for doing so, and specifically denies

---

[1] The Complaint does not contain a Paragraph 32.

that Greif violated California or federal law.

35. In response to Paragraph 35 of the Complaint, and all of its subparts, Greif admits only that Plaintiff purports to define the putative classes as defined therein, but denies that any of the claims asserted in the Complaint are suitable for class treatment, denies that any members of those defined classes have valid claims against Greif, and denies that Greif has violated California or federal law. Greif denies any remaining allegations in Paragraph 35 of the Complaint.

36. In response to Paragraph 36, Greif admits only that Plaintiff refers to the various putative classes collectively as CLASSES in the Complaint. Greif denies any remaining allegations in Paragraph 36 of the Complaint.

37. Greif is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint insofar as they concern future actions Plaintiff may contemplate taking, and therefore denies the same. Greif denies any remaining allegations in Paragraph 37 of the Complaint.

38. Greif denies the allegations contained in Paragraph 38 of the Complaint, and all of its subparts.

39. Greif denies the allegations contained in Paragraph 39 of the Complaint, and all of its subparts.

40. Greif denies the allegations contained in Paragraph 40 of the Complaint, and all of its subparts.

## STATEMENT OF FACTS

42. In response to Paragraph 42 of the Complaint, Greif states that the contents of its website speak for themselves. Greif denies any remaining allegations in Paragraph 42 of the Complaint.[2]

43. Greif admits only that it hired Plaintiff in 2001. Greif denies any remaining allegations in Paragraph 43 of the Complaint.

---

[2] The Complaint does not contain a Paragraph 41.

5

44. In response to Paragraph 44 of the Complaint, Greif admits only that Plaintiff has defined the putative classes as described in Paragraph 44 of the Complaint. Greif denies any remaining allegations in Paragraph 44 of the Complaint.

45. Greif denies the allegations contained in Paragraph 45 of the Complaint.

46. Greif denies the allegations contained in Paragraph 46 of the Complaint.

47. Greif denies the allegations contained in Paragraph 47 of the Complaint.

48. Greif denies the allegations contained in Paragraph 48 of the Complaint.

49. Greif denies the allegations contained in Paragraph 49 of the Complaint.

50. Greif denies the allegations contained in Paragraph 50 of the Complaint.

51. Greif denies the allegations contained in Paragraph 51 of the Complaint.

## **FIRST CAUSE OF ACTION**

52. In response to Paragraph 52 of the Complaint, Greif incorporates the admissions, denials, and other averments contained in Paragraphs 1 through 51 of this Answer as if fully set forth herein.

53. In response to Paragraph 53 of the Complaint, Greif avers that Paragraph 53 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code speaks for itself. Greif denies any remaining allegations in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, Greif avers that Paragraph 54 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code and the Fair Labor Standards Act speak for themselves. Greif denies any remaining allegations in Paragraph 54 of the Complaint.

55. In response to Paragraph 55 of the Complaint, Greif avers that Paragraph 55 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code speaks for itself. Greif denies any remaining allegations in Paragraph 55 of the Complaint.

56. In response to Paragraph 56 of the Complaint, Greif avers that Paragraph

56 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code speaks for itself. Greif denies any remaining allegations in Paragraph 56 of the Complaint.

57. Greif denies the allegations contained in Paragraph 57 of the Complaint.

58. Greif denies the allegations contained in Paragraph 58 of the Complaint.

59. In response to Paragraph 59 of the Complaint, Greif avers that Paragraph 59 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code and the Fair Labor Standards Act speak for themselves. Greif denies any remaining allegations in Paragraph 59 of the Complaint.

61. Greif denies the allegations contained in Paragraph 61 of the Complaint.[3]

62. Greif denies the allegations contained in Paragraph 62 of the Complaint.

63. Greif denies the allegations contained in Paragraph 63 of the Complaint.

## SECOND CAUSE OF ACTION

64. In response to Paragraph 64 of the Complaint, Greif incorporates the admissions, denials, and other averments contained in Paragraphs 1 through 63 of this Answer as if fully set forth herein.

65. In response to Paragraph 65 of the Complaint, Greif avers that Paragraph 65 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code speaks for itself. Greif denies any remaining allegations in Paragraph 65 of the Complaint.

66. In response to Paragraph 66 of the Complaint, Greif avers that Paragraph 66 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code speaks for itself. Greif denies any remaining allegations in Paragraph 66 of the Complaint.

67. In response to Paragraph 67 of the Complaint, Greif avers that Paragraph 67 of the Complaint contains legal conclusions to which no response is required and

---

[3] The Complaint does not contain a Paragraph 60.

that the California Labor Code speaks for itself. Greif denies any remaining allegations in Paragraph 67 of the Complaint.

68. In response to Paragraph 68 of the Complaint, Greif avers that Paragraph 68 of the Complaint contains legal conclusions to which no response is required and that the IWC Wage Orders speak for themselves. Greif denies any remaining allegations in Paragraph 68 of the Complaint.

69. In response to Paragraph 69 of the Complaint, Greif avers that Paragraph 69 of the Complaint contains legal conclusions to which no response is required and that the IWC Wage Orders speak for themselves. Greif denies any remaining allegations in Paragraph 69 of the Complaint.

70. In response to Paragraph 70 of the Complaint, Greif avers that Paragraph 70 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code and the IWC Wage Orders speak for themselves. Greif denies any remaining allegations in Paragraph 70 of the Complaint.

71. In response to Paragraph 71 of the Complaint, Greif avers that Paragraph 71 of the Complaint contains legal conclusions to which no response is required. Greif denies any remaining allegations in Paragraph 71 of the Complaint.

72. Greif denies the allegations contained in Paragraph 72 of the Complaint.

73. Greif denies the allegations contained in Paragraph 73 of the Complaint.

74. Greif denies the allegations contained in Paragraph 74 of the Complaint.

## THIRD CAUSE OF ACTION

75. In response to Paragraph 75 of the Complaint, Greif incorporates the admissions, denials, and other averments contained in Paragraphs 1 through 74 of this Answer as if fully set forth herein.

76. In response to Paragraph 76 of the Complaint, Greif avers that Paragraph 76 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code, California Code of Regulations, and the IWC Wage

Orders speak for themselves.  Greif denies any remaining allegations in Paragraph 76 of the Complaint.

77.   Greif admits only that Plaintiff was a non-exempt employee and that Plaintiff has alleged that the putative class members were non-exempt employees. Greif denies any remaining allegations in Paragraph 77 of the Complaint.

78.   Greif denies the allegations contained in Paragraph 78 of the Complaint.

79.   Greif denies the allegations contained in Paragraph 79 of the Complaint.

80.   In response to Paragraph 80 of the Complaint, Greif avers that Paragraph 80 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code and the IWC Wage Orders speak for themselves.  Greif denies any remaining allegations in Paragraph 80 of the Complaint.

81.   Greif denies the allegations contained in Paragraph 81 of the Complaint.

82.   In response to Paragraph 82 of the Complaint, Greif avers that Paragraph 82 of the Complaint contains legal conclusions to which no response is required and that the California Labor Code and the IWC Wage Orders speak for themselves.  Greif denies any remaining allegations in Paragraph 82 of the Complaint.

83.   Greif denies the allegations contained in Paragraph 83 of the Complaint.

84.   Greif denies the allegations contained in Paragraph 84 of the Complaint.

## FOURTH CAUSE OF ACTION

85.   In response to Paragraph 85 of the Complaint, Greif incorporates the admissions, denials, and other averments contained in Paragraphs 1 through 84 of this Answer as if fully set forth herein.

86.   In response to Paragraph 86 of the Complaint, Greif avers that Paragraph 86 of the Complaint contains legal conclusions to which no response is required and that the laws underlying Plaintiff's Fourth Cause of Action, as well as his other Causes of Action, speak for themselves.  Finally, to the extent that Paragraph 86 incorporates the allegations constituting Plaintiff's First, Second, and Third Causes of Action,

1  Greif accordingly incorporates its admissions, denials, and other averments as stated
2  herein.  Greif denies all remaining allegations in Paragraph 86 of the Complaint.

3       87.    In response to Paragraph 87 of the Complaint, Greif avers that Paragraph
4  87 of the Complaint contains legal conclusions to which no response is required and
5  that the California Labor Code speaks for itself.  Greif denies any remaining
6  allegations in Paragraph 87 of the Complaint.

7       88.    In response to Paragraph 88 of the Complaint, Greif avers that Paragraph
8  88 of the Complaint contains legal conclusions to which no response is required and
9  that the California Labor Code speaks for itself.  Greif denies any remaining
10 allegations in Paragraph 88 of the Complaint.

11      89.    Greif denies the allegations contained in Paragraph 89 of the Complaint.
12      90.    Greif denies the allegations contained in Paragraph 90 of the Complaint.
13      91.    Greif denies the allegations contained in Paragraph 91 of the Complaint.

## **FIFTH CAUSE OF ACTION**

15      92.    In response to Paragraph 92 of the Complaint, Greif incorporates the
16 admissions, denials, and other averments contained in Paragraphs 1 through 91 of this
17 Answer as if fully set forth herein.

18      93.    Greif denies the allegations contained in Paragraph 93 of the Complaint,
19 and all subparts thereto.

20      94.    Greif denies the allegations contained in Paragraph 94 of the Complaint.
21      95.    Greif denies the allegations contained in Paragraph 95 of the Complaint.
22      96.    Greif denies the allegations contained in Paragraph 96 of the Complaint.
23      97.    Greif denies the allegations contained in Paragraph 97 of the Complaint.
24      98.    Greif denies the allegations contained in Paragraph 98 of the Complaint.
25      99.    Greif denies the allegations contained in Paragraph 99 of the Complaint.
26     100.   Greif denies the allegations contained in Paragraph 100 of the
27 Complaint.

101. Greif denies the allegations contained in Paragraph 101 of the Complaint.

102. Greif denies the allegations contained in Paragraph 102 of the Complaint.

103. Greif denies the allegations contained in Paragraph 103 of the Complaint.

## PRAYER FOR RELIEF

1. In response to the PRAYER FOR RELIEF Paragraph following Paragraph 103 of the Complaint, including subparts 1 through 9, Greif denies that Plaintiff is entitled to any of the relief requested.

2. Greif admits that Plaintiff has demanded a jury trial in this matter, but denies that these claims have any merit.

3. Greif denies each and every remaining allegation in the Complaint not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

Greif further alleges and asserts the additional defenses set forth below. By pleading these additional defenses, Greif does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Nothing stated herein shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST DEFENSE

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Greif.

## SECOND DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including but not

limited to, California Labor Code § 203, California Code of Civil Procedure §§ 337(1), 338(a), 339(1), 340(a), and 340(b), and California Business & Professions Code § 17208, and 29 U.S.C. § 255.

### THIRD DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

### FOURTH DEFENSE

The Complaint does not state facts sufficient to certify a class, this action is not properly brought as a class or collective action, and a class or collective action is not a superior method of adjudication.

### FIFTH DEFENSE

Plaintiff is not a proper representative of the class he purports to represent and this action is not properly brought as a class or collective action.

### SIXTH DEFENSE

Plaintiff's cause of action claiming unfair business practices in violation of California Business & Professions Code § 17200 is barred because it fails to plead specific facts capable of stating a claim for unfair business practices.

### SEVENTH DEFENSE

Some or all of the claims contained in Plaintiff's Complaint are barred because Plaintiff failed to exhaust his administrative remedies or prerequisites before filing suit.

### EIGHTH DEFENSE

The Complaint, in whole or in part, should be abated in the Court's discretion, and Plaintiff should be forced to pursue his administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiff's state law claims.

## NINTH DEFENSE

Plaintiff is estopped by his own actions and conduct from asserting any cause of action against Greif.

## TENTH DEFENSE

Plaintiff has engaged in conduct and activity sufficient to constitute a waiver of any right to assert the claims upon which he now seeks relief.

## ELEVENTH DEFENSE

Pursuant to the Business & Professions Code § 17200, Plaintiff is not entitled to an award of damages.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part because of Greif's compliance with all applicable laws, statutes, and regulations, which constitutes a safe harbor to any claim under California Business & Professions Code Sections 17200, *et seq.*

## THIRTEENTH DEFENSE

Plaintiff is unable to state a cause of action against Greif because Plaintiff consented to any and all actions allegedly taken by Greif.

## FOURTEENTH DEFENSE

Plaintiff's purported causes of action in the Complaint fail to state facts sufficient to entitle Plaintiff to an award of attorneys' fees in any amount.

## FIFTEENTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

## SIXTEENTH DEFENSE

Some or all of the purported causes of action in the Complaint are subject to setoff, offset, or recoupment.

## SEVENTEENTH DEFENSE

An award of penalties in this action would be unreasonable and/or oppressive

and would violate Greif's due process and equal protection rights under the United States Constitution and the California Constitution.

### EIGHTEENTH DEFENSE

Any violation of the California Labor Code was an act or omission made in good faith, and Greif had reasonable grounds for believing that the act or omission was not a violation of the Labor Code.

### NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by reason of Defendant's compliance with all applicable laws, statutes, and regulations.

### TWENTIETH DEFENSE

Plaintiff's claims are barred because the alleged conduct of Defendant was at all times justified, fair, privileged, and undertaken in the good faith exercise of a valid business purpose.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or part to the extent that Plaintiff seeks a multiple recovery for the same alleged wrong or wrongs.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to mitigate, minimize, or avoid the damages alleged in the Complaint.

### TWENTY-FOURTH DEFENSE

Greif authorized and permitted Plaintiff to take all rest breaks required by law, provided Plaintiff the opportunity to take all meal periods required by law, and breached no duty owed to Plaintiff with respect thereto.

## TWENTY-FIFTH DEFENSE

This case is not appropriate for a collective or class action because Plaintiff is not similarly situated to other members of the purported class.

## TWENTY-SIXTH DEFENSE

Greif has acted in a good faith belief that they were complying with all provisions of the FLSA.

## TWENTY-SEVENTH DEFENSE

The Complaint is barred in whole or in part by 29 U.S.C. §259 because Greif relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices of the Department of Labor.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not comply substantially with all the directions of Greif concerning the service for which Plaintiff was engaged pursuant to Cal. Labor Code § 2856.

## TWENTY-NINTH DEFENSE

Greif is not liable for unfair business practices under California Business and Professions Code Section 17200 *et seq.* because the benefits of Greif's practices to Plaintiff and members of the class outweigh whatever particular harm or impact the practices allegedly caused them.

## THIRTIETH DEFENSE

Greif is not liable for violation of unfair business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because its business practices were not unfair, not deceptive, and not likely to mislead anyone.

## THIRTY-FIRST DEFENSE

The relief requested by Plaintiff pursuant to California Business and Professions Code Section 17200 *et seq.* should be denied because Plaintiff has an

adequate remedy at law.

## THIRTY-SECOND DEFENSE

Plaintiff lacks standing to sue on behalf of the purposed class of others similarly situated with respect to the claimed injuries, or otherwise.

Greif hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defense.

**WHEREFORE,** Defendant Greif Packaging, LLC prays for judgment as follows: (1) that Plaintiff's Complaint be dismissed in its entirety; (2) that Plaintiff take nothing by reason of the Complaint; (3) that Greif be awarded its costs of suit and reasonable attorneys' fees to the extent provided by law; and (4) for such other and further relief as the Court may deem just and proper.

Dated: March 26, 2021          Respectfully submitted,

/s/ *Cory D. Catignani*
Cory D. Catignani, State Bar No. 332551
VORYS, SATER, SEYMOUR AND PEASE LLP
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Telephone: (949) 526-7904
Facsimile: (949) 526-7901
E-Mail: cdcatignani@vorys.com

Attorney for Defendant
GREIF PACKAGING, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Answer was sent by electronic mail to the below-listed attorneys, who represent the Plaintiff in this case, on March 26, 2021.

Ophir J. Bitton
BITTON & ASSOCIATES
7220 Melrose Avenue, 2nd Floor
Los Angeles, California 90046
Telephone: (310) 356-1006
Facsimile: (818) 524-1224
E-Mail: ophir@bittonlaw.com

George E. Akwo
LAW OFFICES OF RAPHAEL HEDWAT
5170 Sepulveda Boulevard, Suite 350
Sherman Oaks, California 91403
Telephone: (8000 606-1508
Facsimile: (888) 505-1619
E-Mail: gakwo@hedwatlaw.com

                                             /s/ *Cory D. Catignani*
                                             Cory D. Catignani

17

CASE NO. 2:21-CV-02431
DEFENDANT'S ANSWER TO COMPLAINT