# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL GOMEZ, an individual, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>GREIF PACKAGING LLC, etc., et al.,<br><br>       Defendants. | CV 21-2431 DSF (JEMx)<br><br>Order to Show Cause re Dismissal for Lack of Prosecution and Failure to Follow Court Orders and Inadequacy of Counsel |

    At the August 29, 2022 pretrial conference, plaintiff's counsel Ophir Bitton was admonished for failing to submit either pretrial documents or any other documents establishing that this case was being prosecuted properly. Bitton then represented that the case had been settled and that a memorandum of understanding was immediately forthcoming. The Court instructed that a motion for preliminary approval should be set to be heard on December 5, 2022 at 1:30 p.m. To be timely, the motion should have been filed at least 28 days prior to that date pursuant to the Local Rules and this Court's requirements. No motion was filed.

    On December 1, 2022, the Court issued its Order to Show Cause re Dismissal for Lack of Prosecution and Failure to Follow Court Orders and Inadequacy of Counsel. In that Order,

cc: Fiscal Section

plaintiff's counsel were ordered to show cause in writing no later than December 12, 2022 why they should not be found to be inadequate and why this Court should not dismiss this case for failure to prosecute. A hearing on the Order to Show Cause was set for December 19, 2022 at 1:30 p.m. and counsel were cautioned that failure to submit a written response or to appear at the hearing would result in dismissal. The Court noted that counsel's repeated failure to comply with the Court's orders was cause for significant concern about counsel's adequacy in this case and required counsel to address why monetary sanctions should not be imposed for failure to comply with this Court's orders.

On December 12, 2022, plaintiff submitted the Declaration of Ophir J. Bitton in Response to Order to Show Cause stating that he had updated the December 5 date to his firm's practice management software but had neglected to have his assistant create reminders and deadlines. Bitton advised that, on receiving the OSC, he had contacted defense counsel, who agreed to prepare the long-form settlement agreement and that as of December 12, Bitton had completed his draft of "most of" his supporting declaration. Bitton listed several additional class and representative actions he had handled since June 2021 and asked that no sanctions be imposed. The Court vacated the Order to Show Cause on December 13, 2022.

Despite representations that work on this motion was proceeding, nothing further has been filed since that date. More than five months have passed since the representation to this Court that the case was settled. Two months have passed since the representations to the Court in Bitton's Declaration. Counsel have not filed a motion for preliminary approval or any explanation of why they have not done so. Bitton is ordered to pay sanctions in the amount of $500, to be made payable to the Clerk of Court, and submitted to the Edward R. Roybal Federal

2

Building, 255 West Temple, Suite 1100, Los Angeles, California, no later than February 27, 2023 for his repeated failure to prosecute this case.[1]  He must file a declaration stating that he has done so no later than February 28, 2023.  The Court reserves a decision about plaintiff's counsel's adequacy.  Failure timely to pay these sanctions will result in additional sanctions.  Failure to file a motion for preliminary approval or to advise the Court that the case has not settled by March 13, 2023 will result in dismissal with prejudice.

   IT IS SO ORDERED.

Date: February 16, 2023                 *Dale S. Fischer*

                                        Dale S. Fischer
                                        United States District Judge

---

[1] The Court notes that George E. Akwo of the Law Offices of Raphael Hedwat is also listed on the docket as "Lead Counsel" for plaintiff.  Akwo obviously has an equal responsibility to prosecute this action.  Nevertheless, as Bitton has taken responsibility for the lack of prosecution, the Court declines to sanction Akwo at this time.