**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL GOMEZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREIF PACKAGING LLC, a Delaware Limited Liability Company; and DOES 1 THROUGH 50 inclusive,<br><br>Defendants. | CASE NO. 2:21-CV-02431-DSF-JEM<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (DKT. 45)** |

The Court having fully reviewed Plaintiffs' Unopposed Amended Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities, Declaration of Ophir J. Bitton, the Stipulation of Settlement of Class Action and Release of Claims (Settlement Agreement), the Notice of Settlement and Disbursement Form, the Notice of Class Action Settlement, and Supplemental Declaration of Ophir J. Bitton, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement and, if preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members in accordance with due process requirements, and to

1

conduct a Final Approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

    1.    The Court finds, on a preliminary basis, that the Settlement Agreement incorporated in full by this reference and made a part of this Order Granting Preliminary Approval appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court notes that Defendant Greif Packaging, Inc. agreed to pay the non-reversionary Maximum Settlement Amount of $170,000 in full satisfaction of the claims as more specifically described in the Settlement Agreement.

    2.    The Court also finds that, on a preliminary basis, the Settlement is fair and reasonable to all members of the Class when balanced against the probable outcome of further litigation relating to class action certification, liability and damages issues, and potential appeals of rulings. The Court further finds that significant investigation, research, litigation, formal and informal discovery have been conducted such that counsel for the Parties are able to reasonably evaluate their respective positions. The Court further finds that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation, and that the proposed settlement has been reached as the result of intensive, informed and non-collusive and arms'-length negotiations between the Parties.  Therefore, the Motion is granted.

    3.    As a part of preliminary approval, the Court accepts and incorporates the Settlement Agreement and conditionally certifies the following class of persons, for purposes of this settlement only, pursuant to the terms and condition contained in the Settlement Agreement:

> All current and former non-exempt non-union employees of Defendant who worked in production in California, or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by

reasonable verification, at any time during the period from December 8, 2016 through the date of the entry of an Order granting Preliminary Approval.

4. The Court approves and appoints Plaintiff Manuel Gomez as Class Representative.

5. The Court approves and appoints Bitton & Associates, and Law Office of Rafael Hedwat as Class Counsel.

6. The Court approves and appoints ILYM Group, Inc., as the Settlement Administrator to administer the settlement pursuant to the terms of the Settlement Agreement.

7. The Court finds that the Notice of Settlement and Disbursement Form and the Notice of Class Action Settlement (Notice Packet) advise the Class of the pendency of the class action, of the proposed settlement terms, of the preliminary Court approval of the settlement, of the automatic payment of a proportionate share of the settlement monies if the Class Member does not request to be excluded, of the released claims, of the estimated amount each may expect to receive pursuant to the proposed settlement, of their right to submit objections or requests for exclusion and of the manner and timing for doing either of these acts and of the Final Approval hearing date, time and place, and their right to file documentation in support of or in opposition to the settlement and to appear in connection with said hearing. The Court finds the Class Notice comports with all constitutional requirements including those of due process. Therefore, the Court approves the proposed Class Notice.

8. The Court finds the mailing to the Class Member's present and last known address, with safeguards to perform reasonable skip traces of returned as undeliverable Notice Packets, constitutes an effective method of notifying Class Members of their rights with respect to the proposed Settlement. Therefore, IT IS ORDERED that:

   a. No later than 14 calendar days after the entry of the Preliminary Approval Order, Defendant shall forward to the appointed Settlement Administrator, the Class Data as provided for by the terms of the Settlement Agreement; and

   b. No later than 14 business days after receipt of the Class Data, the Settlement Administrator shall mail to each Class Member, by first class United States mail, postage pre-paid, the Notice Packet.

9. IT IS FURTHER ORDERED that:

   a. <u>Requests for Exclusion</u>. Requests for Exclusion from the Settlement must be faxed or mailed to the Settlement Administrator and confirmed, faxed or postmarked no later than 45 calendar days after the initial mailing of the Notice Packet to the Class (Response Deadline). The Response Deadline for a Request for Exclusion will be extended ten calendar days for any Class Member who is re-mailed a Notice Packet by the Settlement Administrator in accordance with the notice procedure described in the Settlement Agreement.

   b. <u>Objections and Intention to Appear at Final Approval Hearing</u>. Notices of Objection to Settlement must be submitted in writing and explain in clear and concise terms, the basis for each objection, setting forth the factual and legal arguments in support of the objection. All papers in support of an objection must be mailed to the Settlement Administrator, and must be postmarked on or before the Response Deadline. The Notice of Objection must contain the Class Member's name and address, and must be personally signed by the Class Member. Class Members who fail to file and serve a timely and valid Notice of Objection may be deemed to have waived all objections to the Settlement and will be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement Agreement. Class Members who mail a timely and valid Notice of Objection will have the right to appear at the Final Approval Hearing in order to have their objections heard by the Court. The Response Deadline for An Objection and Notice of Intent to Appear will be extended ten calendar days for any Class Member who is re-mailed a Notice

4

Packet by the Settlement Administrator in accordance with the notice procedure described in the Settlement Agreement.

10. IT IS FURTHER ORDERED that Class Counsel's application for attorneys' fees and costs should be filed no later than 28 days after the entry of the Preliminary Approval Order.

11. IT IS FURTHER ORDERED a hearing to consider and determine (i) whether the Settlement Agreement should be finally approved, (ii) whether Class Counsel's application for attorneys' fees and costs should be approved, and (iii) whether the application for a Class Representative incentive award should be approved, is set for January 22, 2024, at 1:30 p.m. in Courtroom 7D of the United States Courthouse located at 350 Est 1st St., Los Angeles, California. The parties' briefing schedules shall be calculated according to Central District Local Rules. All other deadlines in the action are stayed pending the final approval hearing.

12. IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order Granting Final Approval and Judgment, or if the Effective Date, as defined by the Settlement Agreement, does not occur for any reason whatsoever, the Settlement Agreement and the proposed settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be null and void and without prejudice to the status quo ante rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

13. The Court expressly reserves the right to adjourn or to continue the Final Approval hearing from time-to-time without further notice to Class Members, except that notice of a continuance shall be provided to all Class Members who submit a Notice of Objection.

**IT IS SO ORDERED.**

DATED: October 10, 2023

_____
Hon. Dale S. Fischer
United States District Judge