JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL GOMEZ, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GREIF PACKAGING LLC, a Delaware Limited Liability Company; and DOES 1 THROUGH 50 inclusive,<br><br>        Defendants. | Case No.: 2:21-cv-02431-DSF-JEM<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT (DKT. 57)** |

    Having received and considered the Motion for Order Granting Final Approval and Entering Judgment and the Stipulation of Settlement of Class Action and Release of Claims (Settlement Agreement), the supporting papers filed by the Parties, and all evidence and argument presented to the Court in conjunction with the unopposed Motion for Preliminary Approval of Class Action Settlement, and having heard on January 22, 2024 the instant Motion for Order Granting Final Approval, the Court grants final approval of the Settlement and,

**ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:**

1. Pursuant to the Order Granting Preliminary Approval, a Class Member Settlement Distribution Form and Notice of Class Action Settlement were sent to each Settlement Class Member by first-class mail. These papers informed the Settlement Class of the Settlement terms, their right to receive an Individual Settlement Payment, their right to (a) comment on or object to the Settlement, (b) request exclusion from the Settlement and pursue their own remedies, and (c) to appear in person or by counsel at the final approval hearing and be heard regarding Settlement approval. Adequate periods of time were provided by each of these procedures. No Settlement Class member filed written objections to the proposed Settlement as part of this process or appeared at the final approval hearing.

2. The Court finds and determines this notice procedure afforded adequate protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding Settlement approval based on the response of the Settlement Class. The Court finds and determines the notice provided in this case was the best notice practicable, and satisfied requirements of law and due process.

3. With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds and concludes that: (a) the members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class with respect to the subject matter of the Action; (c) the claims of Class Representative Plaintiff Manuel Gomez are typical of the claims of the members of the Settlement Class; (d) the Class Representative has fairly and adequately protected the interests of the members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for Plaintiff in his individual and representative capacities for the Class.

4. The Court has certified a Settlement Class, as that term is defined in and by the terms of the Settlement Agreement at Paragraph 1.5 and the Court's Order Granting Preliminary Approval at Paragraph 3 [Dkt. No. 55].

5. The Court confirms Ophir J. Bitton of Bitton & Associates and George Akwo of the Law Office of Rafael Hedwat as Class Counsel.

6. The Court confirms Plaintiff Manuel Gomez as the Class Representative.

7. The Court finds and determines that the terms set forth in the Settlement Agreement are fair, reasonable, and adequate and directs the Parties to effectuate the Settlement according to its terms and this Court's orders, having found that the Settlement was reached as a result of informed and non-collusive arms'-length negotiations facilitated by a neutral mediator. The Court further finds that the Parties conducted sufficient investigation, research, and discovery and that their attorneys were able to reasonably evaluate their respective positions. The Court also finds that Settlement will enable the Parties to avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. The Court has reviewed the monetary recovery provided as part of the Settlement and recognizes the significant value accorded to the Class.

8. The Court further finds and determines the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and to each Settlement Class Member and the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

9. The Court finds and determines the Individual Settlement Payments to be paid to participating Settlement Class Members as provided for by the Settlement are fair and reasonable. The Court gives final approval to and orders payment of those amounts to participating Settlement Class Members in accordance with the Settlement Agreement.

10. The Court finds and determines that the fees and expenses in administrating the Settlement incurred by ILYM Group, Inc., in the amount of $4,200, are fair and reasonable. The Court gives final approval to and orders payment of that amount in accordance with the Settlement.

11. Plaintiff estimates that he has spent more than 100 hours assisting counsel, though neither apparently kept track of the time spent. Though Plaintiff attended a mediation, he was not deposed. He is now employed and cites no ill effects from having acted as Class Representative. The Court finds and determines that a Class Representative Service Award in the sum of $5,000 is fair and reasonable. The Court orders the Administrator to pay that amount to Plaintiff in accordance with the terms of the Settlement Agreement.

12. Although the Court ordinarily declines to award fees in excess of the Ninth Circuit's 25% benchmark, based on counsel' representation that its lodestar was well in excess of that amount and did not include fees for co-counsel, the Court finds that the amount requested is reasonable and it need not perform aa lodestar cross-check. Counsel may not represent to any person or in any proceeding that this Court has approved any specific hourly rate. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court awards Class Counsel attorneys' fees in the sum of $56,100 and litigation costs of $10,000. The Court finds those amounts to be fair and reasonable under the circumstances of this case. The Court orders the Settlement Administrator to pay that amount in accordance with the terms of the Settlement Agreement.

13. Without affecting the finality of this order or the entry of judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement.

14. Neither Defendant nor any related persons or entities shall have any further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for by the Settlement Agreement.

15. Neither the making of the Settlement Agreement nor the entry into the Settlement Agreement constitutes an admission by Defendant, nor is this Order a finding of the validity of any claims in the Action or of any other wrongdoing. Further, the Settlement Agreement is not a concession, and shall not be used as an admission of any wrongdoing, fault, or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement Agreement be construed as an admission or concession by or against Defendant or any related person or entity.

16. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payments to the participating Settlement Class Members in accordance with the Settlement.

17. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties, which shall be filed with the Court.

18. The Court enters final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of Class Action Settlement filed on October 10, 2023 [Dkt. No. 55], and this Order.

19. The Parties will bear their own costs and attorneys' fees except as otherwise provided by this Court's Order granting Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs and Enhancement.

**IT IS SO ORDERED.**

DATED: January 29, 2024

_____
Hon. Dale S. Fischer
United States District Judge